UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| JOHN CACCIATORE,<br>ON BEHALF OF HIMSELF AND<br>ALL OTHERS SIMILIARLY SITUATED,<br><br>                      Plaintiff,<br>      v<br><br>MRS BPO, L.L.C.,<br><br>                      Defendant. | Civil Action, File No.<br>2:17-cv-04481-LDW-AKT |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, John Cacciatore [hereinafter "Cacciatore"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, MRS BPO, L.L.C. ("MRS"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on MRS's regular transaction of business within this district.  Venue in this district also is proper based on MRS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  MRS also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Cacciatore is a natural person who resides at 12 Kristina Street, East Patchogue, NY 11772.

6. Cacciatore is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about March 13, 2016, MRS sent Cacciatore the letter annexed as Exhibit A. Cacciatore received and read Exhibit A. For the reasons set forth below, Cacciatore's receipt and reading of Exhibit A deprived Cacciatore of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, MRS sent Exhibit A to Cacciatore in an attempt to collect a past due debt.

9. Based upon Exhibit A naming the "Creditor" as "Catholic Health Services of Long Island" and setting for the "Name of Facility" as "St. Catherine of Sienna Medical Center", the past due debt set forth in Exhibit A arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. MRS is a New Jersey Limited Liability Corporation and a New York Foreign Limited Liability Corporation located in Cherry Hill, NJ.

11. Based upon Exhibit A and upon MRS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of MRS is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. On Exhibit A, MRS identifies itself as a "debt collector" attempting to collect an alleged

debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

13. Based upon the allegations in the above two paragraphs, MRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

14. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

15. Exhibit A identifies the "Creditor" as "Catholic Health Services of Long Island".

16. There is no such legal entity known as "Catholic Health Services of Long Island".

17. Upon information and belief, the actual creditor is "St. Catherine of Sienna Medical Center".

18. Based on one or more of the above allegations, to the "least sophisticated consumer", Exhibit A did not identify in any manner or did not clearly or properly identify the "creditor", the entity to whom the debt currently is owed, or on whose behalf MRS was attempting to collect the debt.

19. Based on the above, MRS violated 15 USC § 1692g(a)(2), 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10) by sending Exhibit A to Cacciatore.

## SECOND CAUSE OF ACTION--CLASS CLAIM

20. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

21. Exhibit A sets forth an "Account Balance" of $1,000.00.

22. Exhibit A did not set forth what Cacciatore would need to pay to resolve the debt at any given moment in the future, and did not set forth an explanation of any fees and interest that would cause the "Account Balance" of $1,000.00 to increase.

23. Exhibit A did not explain whether interest, or new fees or costs are accruing.

24. For the above reasons, Exhibit A did not set forth the amount of the "debt". <u>Carlin v. Davidson Fink LLP</u> No. 15-3105-cv (2nd Cir., 2017); and <u>Balke v. Alliance One Receivables Mgmt., Inc.</u> 16-cv-5624(ADS)(AKT) (E.D.N.Y., 2017).

25. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Defendant violated 15 USC § 1692g(a)(1) by sending Exhibit A to Cacciatore.

## THIRD CAUSE OF ACTION--CLASS CLAIM

26. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

27. Exhibit A sets forth an "Account Balance" of $1,000.00.

28. Exhibit A does not set forth that the "Account Balance" of $1,000.00 may increase due to interest, late charges, and/or other charges.

29. Since Exhibit A does not set forth that the "Account Balance" of $1,000.00 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Account Balance" of $1,000.00 was static and that their payment of $1,000.00 would satisfy the debt irrespective of when the payment was remitted.

30. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date

  from which it shall be computed shall be in the court's discretion."

31. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)". Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

32. Cacciatore owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

33. NY CPLR 5001(b) provides as follows:

  "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

34. Based on the debt being undisputed and the nature of the debt and the date of default, as regards the past due debt set forth in Exhibit A, the creditor had a guaranteed right to interest on the "Account Balance" of $1,000.00 from the date of Exhibit A or an earlier date. NY CPLR 5001 (a) and (b), Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010), and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

35. Based on the above, the "Account Balance" of $1,000.00 set forth in Exhibit A was not static. Instead, interest was in fact accruing and owed on the "Account Balance" of $1,000.00 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

36. Based on the above, at any time after the date of Exhibit A, the creditor had the right to recall Cacciatore's account from MRS; and subsequently, the creditor could seek the

aforementioned interest that was accumulating after Exhibit A was sent but before the "Account Balance" of $1,000.00 set forth in Exhibit A was paid.

37. In the alternative, at any time after the date of Exhibit A, the creditor had the right to recall Cacciatore's account from CCS; and subsequently, the creditor could have sold Cacciatore's debt to a third party and based on the above such third party could seek the interest that accumulated after Exhibit A was sent but before the "Account Balance" of $1,000.00 set forth in Exhibit A was paid.

38. For the above reasons, at any time after the date of Exhibit A, the "Account Balance" of $1,000.00 may have increased due to the aforementioned accrued interest.

39. Based on the above, since Exhibit A does not set forth that the "Account Balance" of $1,000.00 may increase due to interest, MRS violated 15 USC § 1692g(a)(1) and 15 USC § 1692e by sending Exhibit A to Cacciatore.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

40. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

41. Exhibit A set forth an "Account Balance" of $1,000.00.

42. Any "Account Balance" resulted from an agreement entered into between Cacciatore and the creditor or was set forth in an invoice, bill or statement received by Cacciatore from the creditor.

43. Upon information and belief, the aforementioned agreement allowed the creditor and any assignee or successor-in-interest charge Cacciatore interest, late charges, and/or other charges in addition to any "Account Balance".

44. Upon information and belief, any aforementioned invoice, bill or statement set forth that

the creditor could charge Cacciatore interest, late charges, and/or other charges in addition to any "Account Balance". Any assignee or successor-in-interest of the creditor would succeed to the rights of The creditor based on any aforementioned invoice, bill or statement that set forth that The creditor could charge Cacciatore interest, late charges, and/or other charges in addition to any "Account Balance".

45. Any right based on any aforementioned agreement, invoice, bill or statement to charge Cacciatore interest, late charges, and/or other charges in addition to any "Account Balance" is not waived by the creditor or any assignee or successor-in-interest as a result of a failure by either the creditor or any assignee or successor-in-interest at any point in time to charge Cacciatore interest, late charges, and/or other charges in addition to any "Account Balance".

46. On the date of Exhibit A, neither CCS nor the creditor may have had any intention of seeking from Cacciatore the aforementioned accrued interest, late charges, and/or other charges in addition to any "Account Balance". However, at any time after the date of Exhibit A, the creditor had the right to instruct MRS to seek from Cacciatore the aforementioned accrued interest, late charges, and/or other charges in addition to any "Account Balance". In the alternative, at any time after the date of Exhibit A, the creditor had the right to recall Cacciatore's account from MRS. If such a recall occurred, MRS would not know whether or not the creditor would exercise its aforementioned right to seek from Cacciatore the aforementioned accrued interest, late charges, and/or other charges in addition to any "Account Balance". Also, if such a recall occurred, MRS would not know whether or not the creditor would sell Cacciatore's debt to a party who then would exercise the aforementioned right to seek from Cacciatore the aforementioned

accrued interest, late charges, and/or other charges in addition to any "Account Balance".

47. For the above reasons, at any time after the date of Exhibit A, the "Account Balance" from Cacciatore and/or the "Account Balance" sought from Cacciatore may have increased due to the aforementioned accrued interest, late charges, and/or other charges. However, Exhibit A failed to notify Cacciatore that his "Account Balance" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

48. For the above reasons, as a result of the aforementioned omission from Exhibit A set forth in this paragraph, MRS violated 15 USC § 1692g(a)(1) and 15 USC § 1692e as a result of sending Exhibit A to Cacciatore.

## FIFTH CAUSE OF ACTION-CLASS CLAIM

49. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

50. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## SIXTH CAUSE OF ACTION-CLASS CLAIM

51. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

52. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## CLASS ALLEGATIONS

53. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

54. The classes consist of:

I. (a) all natural persons (b) who received a letter from MRS dated between March 13, 2016 and the present to collect an alleged past due debt, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the alleged past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt;

II. (a) all natural persons (b) who received a letter from MRS dated between March 13, 2016 and the present to collect an alleged past due debt, (c) in a form materially identical or substantially similar to Exhibit A;

III. (a) all natural persons (b) who received a letter from MRS dated between March 13, 2016 and the present to collect an alleged past due debt allegedly due to the creditor to whom the debt referenced in Exhibit A allegedly is owed, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the alleged past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt;

IV. (a) all natural persons (b) who received a letter from MRS dated between March 13, 2016 and the present to collect an alleged past due debt allegedly due to the creditor to whom the debt referenced in Exhibit A allegedly is owed, (c) in a form materially identical or substantially similar to Exhibit A; and/or

V. (a) all natural persons (b) who received a letter from MRS dated between March 13, 2016 and the present to collect a past due debt, (c) where the letter sets forth the name of the creditor as "Catholic Health Services of Long Island".

55. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

56. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

57. The predominant common question is whether Defendant's letters violate the FDCPA.

58. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

59. A class action is the superior means of adjudicating this dispute.

60. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against MRS in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:           August 4, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709